UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| COMMONWEALTH OF MASSACHUSETTS, | ) ) ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 26-40016-MRG |
| IRVING JOEL ESPINOSA RODRIGUEZ, | ) ) ) | |
| Defendant. | ) ) | |

## ORDER
**January 30, 2026**

**GUZMAN, D.J.**

On January 29, 2026, defendant Irving Joel Espinosa Rodriguez, who is proceeding *pro se*, filed a notice of removal with regard to criminal proceedings brought against him in the Clinton District Court, Commonwealth v. Rodriguez, Docket No. 2568CR000837[1], and Docket No. 2568AC000956. ECF 1. Rodriguez also filed a notice of filing of notice of removal, ECF 3, a civil complaint, ECF 5, a motion for leave to file electronically, ECF 6, and an emergency motion to stay state-court proceedings, ECF 7.

For the reasons set forth below, the Court orders that this action be REMANDED to the Clinton District Court. The clerk shall terminate the pending motions and, to the extent Rodriguez seeks to file a civil complaint, he must do so in a separate civil action, and not this removal action.

---

[1] The unofficial state court docket for Commonwealth v. Rodriguez, Docket No. 2568CR000837, is available is available through https://www.masscourts.org (last visited Jan. 29, 2026). The Court was unable to locate the state court docket for No. 2568AC000956.

**Discussion**

The Court liberally construes the notice of removal because Rodriguez is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972 (per curiam); *Rodi v. S. New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004). Nevertheless, as the removing defendant, Rodriguez bears the burden of establishing that this case is within the federal court's removal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). If it "clearly appears on the face of the notice [of removal] and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

Here, Rodriguez has not established that any of the limited substantive grounds for removal apply.[2] The available grounds for removal of a state criminal prosecution are limited to those set forth in 28 U.S.C. §§ 1442(a), 1442a, 1443(1), and 1443(2). *Commonwealth v. Vilbon*, No.21-cv-11510-IT, 2021 WL 5180237, at *1 (D. Mass. Nov. 8, 2021). Federal officers and agencies, 28 U.S.C. § 1442(a), and members of the armed forces, *id.* § 1442a, may remove criminal prosecutions related to acts performed under color of law. Any defendant may remove a criminal prosecution where he or she is "denied or cannot enforce in the courts of [the state] a right under any law providing for the equal civil rights of citizens of the United States, or all persons within the jurisdiction thereof." *Id.* § 1443(1). And federal officers or agents, or those authorized to act with or for them, may remove criminal prosecutions "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." § 1443(2); *City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966) ("[Section 1443(2)] confers a privilege of removal only upon federal

---

[2] A notice of removal of a criminal prosecution "shall include all grounds for such removal." 28 U.S.C. § 1455(b)(2).

officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights").

Sections 1442(a) and 1442a are inapplicable here because Rodriguez does not allege that he is a federal officer or a member of the armed forces. *See* 28 U.S.C. §§ 1442(a); 1442a. Section 1443(2) is also inapplicable because Rodriguez does not allege that he is a federal officer or agent, or someone "authorized to act with or for them in affirmatively executing duties under a federal law providing for equal civil rights." 28 U.S.C. § 1443(2); *City of Greenwood*, 384 U.S. at 824.

Under 28 U.S.C. § 1443(1), a defendant may remove a prosecution "[a]gainst any person who is denied or cannot enforce" in state court "a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). The Supreme Court has construed the statutory language as being limited to "any law providing for specific civil rights stated in terms of racial equality." *Peltier v. Peltier*, 548 F.2d 1083, 1084 (1st Cir. 1977) (per curiam) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). Thus, to fall within the purview of § 1443(1), the removing party must be "denied or unable to enforce in state court a civil right arising under a federal law stated in terms of racial equality." *See Johnson v. Mississippi*, 42 U.S. 218, 219 (1975) (emphasis added); *see also Republican Nat'l Comm. v. N. Carolina State Bd. of Elections*, 120 F.4th 390, 405-07 (4th Cir. 2024); *ASO Holdings Inc v. Setenyi*, 738 Fed. App'x 687, 688 (11th Cir. 2018); *see also Maine v. Counts*, No. 22-1841, 2023 WL 3167442, at *1 (1st Cir. Feb. 16, 2023) (relying on the two-pronged test in *Johnson* to assess whether the district court properly ordered a summary remand pursuant to 28 U.S.C. § 1455(b)(4)). Rodriguez asserts in conclusory fashion that his rights were violated and he does not contend that these alleged violations amount to infringements of "specific civil rights stated in terms of racial equality." *See Johnson*, 421 U.S. at 219. At best, Rodriguez "[c]laims that prosecution and conviction will violate rights under constitutional or

statutory provisions of general applicability or under statutes not protecting against racial discrimination." *Id.*

Here, Rodriguez does not claim that he is being denied a right to racial equality and the allegations do not provide this Court with any basis to reasonably believe that he cannot enforce his "civil rights" in state court. *See City of Greenwood*, 384 U.S. at 828 (prosecutions are removable under § 1443(1) only in "the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicitly state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court").

Finally, to the extent Rodriguez files a civil complaint in this removal action, such complaint cannot be filed in this removal action and must be filed in a separate civil action, with payment of the filing fee or a motion for leave to proceed *in forma pauperis*.

## Conclusion

Accordingly, this action is REMANDED to the Clinton District Court pursuant to 28 U.S.C. §§ 1447(c) and 1455(b)(4). The Clerk is directed to enter a separate of order of remand, and the remand shall be immediately transmitted by the Clerk, pursuant to Local Rule 81.1(d). *See Forty Six Hundred LLC v. Cadence Educ., LLC*, 15 F.4th 70, 81 (1st Cir. 2021), by mailing a copy of the order to Rodriguez and the Clinton District Court. The clerk shall terminate the pending motions and, to the extent Rodriguez seeks to file a civil complaint, he must do so in a separate civil action, and not this removal action.

**So Ordered.**

/s/ Margaret R. Guzman
MARGARET R. GUZMAN
UNITED STATES DISTRICT JUDGE

Dated: January 30, 2026